UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 2:23-cv-13093 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. MCLEOD, | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to reduce to judgment unpaid federal tax liabilities owed by John M. McLeod, and to establish that said liabilities are excepted from his bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(1)(C). For its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1.     The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

2.     Defendant John M. McLeod resides in Jackson, Michigan, within the jurisdiction of this Court.

3.      A delegate of the Secretary of the Treasury made assessments against

John M. McLeod for income taxes and accuracy penalties (26 U.S.C. § 6662) for

the tax years 2002, 2003, and 2004, and for frivolous filing penalties under 26

U.S.C. § 6702(a) for the tax years 2009 and 2019, on the dates, and in the amounts

described below. These liabilities have balances due as of December 11, 2023,

including statutory interest, and also for the income taxes including assessed and

accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties

for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and after

applying any abatements, payments, and credits, as follows:

| Tax Year | Assessment Type | Assessment Date | Amount Assessed | Balance Due 12/11/2023 |
|---|---|---|---|---|
| 2002 | Income Tax Accuracy Penalty | 10/3/2005 | $31,703.00 $6,340.60 | $48,925.20 |
| 2003 | Income Tax Accuracy Penalty | 8/29/2005 | $21,260.00 $4,252.00 | $57,881.20 |
| 2004 | Income Tax Accuracy Penalty | 4/30/2007 | $23,371.00 $4,674.20 | $56,999.41 |
| 2009 | Frivolous Filing Penalty | 6/8/2012 | $5,000.00 | $7,522.83 |
| 2019 | Frivolous Filing Penalty | 8/22/2022 | $5,000.00 | $5,432.58 |
| **Total** | | | | **$176,761.22** |

4.      Notice of the liabilities described in paragraph 3 was given to, and

payment demanded from, John M. McLeod.

5.      Despite proper notice and demand, John M. McLeod failed, neglected,

or refused to fully pay the liabilities, and after the application of all abatements,

payments, and credits, he remains liable to the United States in the amount of $176,761.22, plus statutory additions and interest accruing from and after December 11, 2023.

6.     Although a court proceeding must generally be commenced within ten years after the assessment of a tax (*see* 26 U.S.C. § 6502), this action has been timely commenced as to the income tax assessments because the limitations period was suspended (a) for 741 days, during the period between November 3, 2008, when the IRS received a timely request for a collection due process ("CDP") hearing and November 14, 2010, when the CDP hearing was resolved (as provided in 26 U.S.C. § 6330(e)), and (b) for 2,280 days, during the period between May 9, 2012 and February 6, 2018, while collection was prohibited by automatic stay in the bankruptcy case described below and for six months after the discharge was granted (as provided in 26 U.S.C. § 6503(h)). The bankruptcy also suspended the period of limitations for commencing a suit for the frivolous filing penalty assessment for the 2009 year (as provided in 26 U.S.C. § 6503(b) and (h)).

7.     On May 9, 2012, John M. McLeod filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 12-51695 in the United States Bankruptcy Court for the Eastern District of Michigan.

8.     John M. McLeod received a Chapter 13 discharge on February 6, 2018.

9.     The federal income tax liabilities of John M. McLeod are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C) and § 523(a)(7) because John M. McLeod willfully attempted to evade or defeat the liabilities in several ways, including:

a.  Filing frivolous income tax returns claiming he did not owe any income tax as reflected in paragraph 10 below for the income tax years at issue (2002, 2003, and 2004) that resulted in assessment of frivolous return penalties that either were collected by levy or for which the period of limitations on collection has expired, and filing another frivolous return for the 2009 year;

b.  Consistently failing to pay adequate prepayments of tax for the three income tax years in question, despite having reported significant Adjusted Gross Income (AGI) for those tax periods for which tax withholdings were insufficient to cover the tax as reflected in paragraph 10 below,

c.  Making no voluntary payments on his significant accumulated tax debts between the assessments of the tax and his bankruptcy; and

d.  Resuming his failure to file income tax returns for or pay tax after the conclusion of his Chapter 13 bankruptcy plan in 2018 – *i.e.*, for tax years 2019 through 2022, as more particularly described below, and filing a

frivolous return for 2019.[1]

10.    John M. McLeod's returns, AGI, tax reported as owed, taxes assessed, and payments made prior to his bankruptcy petition, during his bankruptcy, and the first year after his bankruptcy (2018) are shown below (all figures rounded to nearest dollar).

| Tax Year | Timing of Return | AGI | Tax Reported | Additional Tax Assessed | Payments Made |
|---|---|---|---|---|---|
| 2002 | Late 5/1/2004 | $124,326 | $0 (frivolous) | $31,703 | No withholding. Only other payments via overpayment offset from other year and levies by the IRS. |
| 2003 | Timely | $103,267 | $0 (frivolous) | $21,260 | $363 in withholding, which was refunded after frivolous tax return filed. Only other payments via overpayment offset from other year and levies by the IRS. |
| 2004 | Timely | $109,975 | $0 (frivolous) | $23,371 | $6,074 in withholding. Only payments via levies by the IRS and through bankruptcy. |

[1] The United States contends that his conduct after completing his bankruptcy plan is relevant as it re-confirms his stance toward taxes in 2002, 2003, and 2004.

| Tax Year | Timing of Return | AGI | Tax Reported | Additional Tax Assessed | Payments Made |
|---|---|---|---|---|---|
| 2005 | Late 11/26/2012 (during bankruptcy) | $0 | $0 | $0 | |
| 2006 | Late 11/19/2012 (during bankruptcy) | $106,681 | $21,665 | N/A | Sufficient withholding. |
| 2007 | Timely | $102,557 | $19,815 | N/A | Sufficient withholding. |
| 2008 | Timely | $89,967 | $16,079 | N/A | Sufficient withholding |
| 2009 | Timely | $95,793 | $0 (frivolous) | $16,897 | Withholding and two levies by the IRS. |
| 2010 | Timely | $108,170 | $20,358 | N/A | Sufficient withholding. |
| 2011 | Timely | $113,041 | $21,568 | N/A | Sufficient withholding. |
| 2012 | Timely | $110,237 | $20,530 | N/A | Sufficient withholding. |
| 2013 | Timely | $109,598 | $20,082 | N/A | Sufficient withholding. |
| 2014 | Timely | $111,003 | $20,315 | N/A | Withholding and payment with return. |
| 2015 | Timely | $117,261 | $21,900 | N/A | Sufficient withholding and payment with return. |
| 2016 | Timely | $119,220 | $22,386 | N/A | Withholding and payment with return. |
| 2017 | Timely | $112,723 | $21,198 | N/A | Withholding and one voluntary payment. |

| Tax Year | Timing of Return | AGI | Tax Reported | Additional Tax Assessed | Payments Made |
|---|---|---|---|---|---|
| 2018 | Timely | $109,738 | $10,167 | N/A | Withholding and payment with return. |

11.     For tax year 2019, John M. McLeod received $34,192 in Social

Security income and withdrew $116,602 in additional taxable income from

retirement funds, for which $8,440 was withheld for federal income taxes. For tax

year 2020, John M. McLeod received $34,783 in Social Security income and

$38,909 in additional taxable income from retirement funds while not having

anything withheld for federal income taxes. For tax year 2021, John M. McLeod

received $38,006 in Social Security income less $2,780 in repayments and $38,909

in additional taxable income from retirement funds while not having anything

withheld for federal income taxes. For tax year 2022, John M. McLeod received

$40,248 in Social Security income and $38,909 in additional taxable income from

retirement funds while not having anything withheld for federal income taxes. He

has not filed returns for 2019, 2020, 2021, or 2022, except for the frivolous return

for 2019 that resulted in the frivolous filing penalty for that year (which is not

treated as a valid tax return).

12.     The penalties relating to the nondischargeable income taxes for tax years 2002, 2003, and 2004 are nondischargeable pursuant to 11 U.S.C. § 523(a)(7)(A).[2]

WHEREFORE, Plaintiff United States of America requests the following relief:

A.     Judgment against Defendant John M. McLeod for income taxes, penalties, and interest for the 2002, 2003, and 2004 tax years, and frivolous filing penalties for the 2009 and 2019 tax years, in the amount of $176,761.22, plus statutory additions and interest accruing from and after December 11, 2023,

---

[2] The United States acknowledges that three circuits (not the Sixth) have held that § 523(a)(7)(A) and (B) must both be satisfied for a tax penalty to be nondischargeable so that penalties relating to nondischargeable taxes must have been imposed on transactions or events occurring in the three years before the bankruptcy petition to meet the exception. The United States will argue that those circuits are wrong because they fail to recognize that the two subparagraphs are addressing mutually exclusive kinds of tax penalties as confirmed by the legislative history. Subparagraph (A) pertains only to the kinds of penalties that are "relating to a tax" – *i.e.,* for inaccuracy on or late filing of a return or for failure to pay the tax – and excepts them from discharge if the tax to which they relate are excepted from discharge under § 523(a)(1) as stated. Subparagraph (B) of § 523(a)(7) pertains only to free-standing penalties "imposed with respect to a transaction or event" occurring more than three years before the petition. Penalties relating to a tax, are not imposed with respect to a single transaction or event the way free-standing tax penalties are. For example, late-payment penalties accrue like interest at a half percent per month over a period up to 50 months. They are simply not addressed at all by subparagraph (B), which addresses other kinds of penalties in Title 26 that are imposed on separate transactions or events.

including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §

1961(c); and

      B.     The United States of America shall recover its costs and be awarded

such other and further relief as the Court determines is just and proper.

                                                    DAVID A. HUBBERT
                                                    Deputy Assistant Attorney General
                                                    Tax Division, U.S. Department of
                                                    Justice

                                                    */s/ Kimberly R. Parke*
                                                    KIMBERLY R. PARKE
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    P.O. Box 55
                                                    Washington, D.C.  20044-0055
                                                    202-353-0300 (v) / 202-514-5238 (f)
                                                    Kimberly.Parke@usdoj.gov

Local Counsel:
DAWN N. ISON
United States Attorney
Eastern District of Michigan

KEVIN ERSKINE (P69120)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9610
Kevin.Erskine@usdoj.gov