UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> JOHN M. MCLEOD, ) <br> ) <br> *Defendant.* ) | Case No. 2:23-cv-13093 |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b), the United States moves this Court for the entry of default judgment against Defendant John M. McLeod for unpaid federal income taxes and interest on taxes for tax years 2002, 2003, and 2004 and frivolous filing penalties assessed against him for tax years 2009 and 2019, as set forth in the complaint, along with statutory interest and additions and that said liabilities are excepted from his bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(1)(C).

Pursuant to Local Rule 7.1(d), a brief in support of this motion is attached. A proposed order is also submitted herewith.

There should be no need for any hearing as federal tax liabilities are not "damages" that need to be fixed; they are a statutory debt that is fully liquidated at the time of assessment by the IRS. In addition, the default means the complaint's

-1-

factual allegations are deemed admitted and those include specific allegations establishing the applicability of an exception to discharge in bankruptcy due to the defendant having willfully attempted to defeat the taxes within the meaning of 11 U.S.C. § 523(a)(1)(C). The Complaint also sought judgment that penalties related to the 2002-2004 taxes are excepted from discharge under 11 U.S.C. § 523(a)(7). However, because of certain case law adverse to the United States on the meaning of that provision as explained in a footnote in the complaint, the United States will waive a personal liability judgment for the penalties if (and only if) default judgment is entered. Should the Court vacate Defendant's default for any reason, the United States reserves the right to seek personal judgment for the penalties.[1]

                          Respectfully submitted,

                          */s/ Kimberly R. Parke*
                          KIMBERLY R. PARKE
                          Trial Attorney, Tax Division
                          U.S. Department of Justice
                          P.O. Box 55
                          Washington, D.C.  20044-0055
                          202-353-0300 (v) / 202-514-5238 (f)
                          Kimberly.Parke@usdoj.gov

Local Counsel:
DAWN N. ISON
United States Attorney
Eastern District of Michigan

---

[1] The United States notes, however, that the discharge only applies to personal liability, and the United States reserves all rights to seek to collect the penalties from any pre-bankruptcy property subject to the tax liens or by seeking to avoid any pre-bankruptcy fraudulent transfers to other persons.

KEVIN ERSKINE (P69120)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9610
Kevin.Erskine@usdoj.gov

## Certificate of Service

I hereby certify that on the day I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, I sent the foregoing document first class mail, with courtesy copy via electronic mail, to the following persons:

John M. McLeod
1900 Loomis Road
Jackson, Michigan 49201

                                        */s/ Kimberly R. Parke*
                                        KIMBERLY R. PARKE
                                        Trial Attorney, Tax Division

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>v.<br><br>JOHN M. MCLEOD,<br><br>   *Defendant.* | Case No. 2:23-cv-13093-SFC-DRG |

**PLAINTIFF UNITED STATES OF AMERICA'S BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

### ISSUES PRESENTED

1. Is the United States entitled to judgment that John M. McLeod's federal tax liabilities and associated penalties are excepted from his bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(1)(C)?

2. Is the United States entitled to judgment that John M. McLeod's frivolous filing penalties for years 2009 and 2012 are excepted from discharge under 11 U.S.C. § 523(a)(7)?

3. Is the United States entitled to judgment against John M. McLeod for his unpaid federal income taxes and civil penalties assessed against him?

### CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- Federal Rule of Civil Procedure 55(b)

- *United States v. Janis*, 428 U.S. 433, 440, (1976)
- 11 U.S.C. § 523(a)(1)(C)
- 11 U.S.C. § 523(a)(7)

I.     **FACTUAL BACKGROUND**

On December 5, 2023, the United States filed this action seeking to reduce to judgment unpaid federal tax liabilities owed by John M. McLeod for tax years 2002, 2003, and 2004 and to establish that said liabilities are excepted from his bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(1)(C). The complaint also seeks judgment for frivolous filing penalties under 26 U.S.C. § 6702A for tax years 2009 and 2019. The complaint further seeks judgment that penalties related to the 2002-2004 taxes are excepted from discharge under 11 U.S.C. § 523(a)(7).

As explained in footnote 2 of the complaint, three circuits (not the Sixth) had held that any tax-related penalty is discharged unless it meets both § 523(a)(7)(A) and (B) – that is, unless it is *both* related to tax excepted from discharge *and* relates to a transaction or occurrence during the three years preceding bankruptcy. The penalties related to years 2002-2004 fail to come within the three-year lookback. The United States maintains the cases are wrong and that subparagraph (B)'s three-year lookback applies only to free-standing penalties that are imposed specifically on a transaction or event (as many tax penalties are), and that only subparagraph (A) applies to penalties "relating to a tax." But the United States recognizes that

this Court would likely not grant a default judgment on the 2002-2004 tax-related penalties without full briefing and therefore will waive a personal liability judgment for the penalties if (and only if) default judgment is entered.[1] The frivolous filing penalty for the 2009 year, which is a free-standing penalty undisputably governed by § 523(a)(7)(B), does fall within the three-year lookback preceding the May 9, 2012 bankruptcy petition and thus escapes discharge. The frivolous filing penalty for the 2019 year occurred after the bankruptcy was over.

On January 22, 2024, the United States mailed a Notice of Lawsuit and Request to Waive Service of a Summons, a copy of the complaint, and two copies of a Waiver of the Service of Summons to John M. McLeod at 1900 Loomis Road, Jackson, Michigan 49201. ECF No. 6 at 3. From February 8 to February 20, 2024, the United States sent process servers to attempt service on John M. McLeod on five separate occasions. ECF No. 6 at 4-5.

On February 26, 2024, the United States moved for alternative service of John M. McLeod via both first-class mail and certified mail with no return receipt required. ECF No. 6. On March 11, 2024, the Court granted the United States'

---

[1] Should the Court vacate Defendant's default for any reason, the United States reserves the right to seek personal judgment for the penalties. The United States notes, however, that the discharge only applies to personal liability, and the United States reserves all rights to seek to collect the penalties from any pre-bankruptcy property subject to the tax liens or by seeking to avoid any pre-bankruptcy fraudulent transfers to other persons.

motion for alternative service. ECF No. 10. On March 19, 2024, the United States filed a Declaration showing that it complied with the Court's order granting the United States' motion for alternative service. ECF No. 12.

On April 2, 2024, the United States filed a Request for Clerk's Entry of Default against John M. McLeod. ECF No. 17. On April 3, 2024, the Clerk's Entry of Default was entered against John M. McLeod. ECF No. 18.

To date, John M. McLeod has not replied or otherwise filed a responsive pleading to the complaint, and the time allowed under the Federal Rules of Civil Procedure to do so has expired. In addition, John M. McLeod has failed to defend himself as provided by the Federal Rules of Civil Procedure.[2]

Instead, John M. McLeod chose to mark-up each mailing and filing sent to him, including the Court's orders, stating that he "dishonors" and "voids" them and reserves his common law rights under the UCC. ECF Nos. 3, 8, 13-16, and 20.

Upon information and belief, Defendant John M. McLeod is neither incompetent nor in the military service of the United States of America. According to the website maintained by the Department of Defense's Defense Manpower Data Center, the Defense Manpower Data Center does not possess any information

---

[2] On May 12, 2024, counsel for the United States received an email purporting to be from the defendant, John M. McLeod. Parke Declaration Exhibit 1. This is the first communication the United States has received from John M. McLeod other than the marked-up filings he made with the Court.

indicating that Defendant John M. McLeod is currently on active duty within the purview of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501.

## II. ARGUMENT

A default judgment under Rule 55(b)(2) is appropriate in this case. After obtaining an entry of default from the Clerk of Court, the moving party may apply for entry of a default judgment. "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) *citing Visioneering Construction v. U.S. Fidelity and Guarantee*, 661 F.2d 119, 124 (6th Cir. 1981).

We address issue 3 above first but note that a determination that the discharge exception applies is a predicate requirement to the entry of a personal liability judgment.

### A. John M. McLeod's Unpaid Federal Tax Liabilities

A government tax assessment is generally entitled to a presumption of correctness. *See United States v. Janis*, 428 U.S. 433, 440, (1976). The IRS's determination of tax liability is presumptively correct." *Zack v. Commissioner,* 692 F.2d 28, 29 (6th Cir. 1982). In a suit by the government to reduce liabilities to judgment, the introduction into evidence of Forms 4340, Certificates of Assessment and Payment, establishes a prima facie case. *United States v. Noble*,

3 Fed. Appx. 331, 334 (6th Cir. 2001); *United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990).

While the government sometimes presents self-authenticating certificates of assessment and payments (Forms 4340) to establish tax assessments without an accompanying declaration, courts also recognize that the same may be proved by having an IRS employee authenticate transcripts. *E.g.*, *United States v. Nugent*, 300 F. Supp. 3d 932, 937-38 (E.D. Ky. 2018). A prior unofficially reported opinion in *Nugent* more specifically rejects the notion that only certified or sealed Form 4340s are admissible for proof of assessments. *United States v. Nugent*, No. 16-cv-380, 2017 WL 4249775, at *2-3 (E.D. Ky. Sept. 25, 2017). *See also United States v. Stover*, No. 20-cv-579, 2023 WL 2088185 (W.D.N.C. Feb. 17, 2023); *United States v. Hayes*, 861 F.2d 1225, 1228 (10th Cir. 1988) (holding IRS computer records properly admitted under Rule 803(6)); *United States v. Sharpe*, No. 20-2490, 2022 WL 2905253, at *6 (E.D. Pa. July 13, 2022); *United States v. Beeman*, No. 10-cv-237, 2011 WL 2601959, at *8 (W.D. Pa. June 30, 2011).[3]

In addition to the deemed-admitted allegations of the complaint, the attached

---

[3] As a practical matter, Forms 4340 are naught but an alternative form of computer-print-out from the same IDRS system that generates the English transcripts as described in the Kovscek Declaration submitted herewith. The self-authenticating 4340 merely enables the government to dispense with the need to obtain a sworn declaration in some cases because it is instead certified.

Declaration of Steven Kovscek authenticates tax account transcripts showing the various assessments, payments, and current balances. On August 29, 2005, October 3, 2005, April 30, 2007, June 8, 2012, and August 22, 2022, a delegate of the Secretary of the Treasury of the United States made assessments against John M. McLeod for his federal income taxes for 2002, 2003, and 2004, accuracy penalties, and frivolous filing penalties. Complaint ¶ 3; Kovscek Declaration ¶¶ 6, 8, 10, 14, 16. A delegate of the Secretary of the Treasury gave notice to and made demand for payment of the assessments from John M. McLeod, and John M. McLeod is liable to the United States for the unpaid balance of his federal income tax liabilities in the total amount of $181,573.60, plus interest and other statutory additions from June 1, 2024. Kovscek Declaration ¶ 18.

However, of that sum, the tax-related penalties account for $128,726.95. Kovscek Declaration ¶ 14. As noted above, the United States is only seeking a default judgment against John M. McLeod personally for the taxes and interest for years 2002-2004 (while reserving its right to collect penalties from property subject to pre-bankruptcy tax liens or fraudulently transferred).[4]

Although a court proceeding must generally be commenced within ten years after the assessment of a tax (*see* 26 U.S.C. § 6502), this action has been timely

---

[4] If penalties and interest thereon are removed from year 2004, it would be substantially overpaid and so that overpayment balance is subtracted in computing the overall total personal liability of Mr. McLeod.

commenced as to the income tax assessments because the limitations period for John M. McLeod's 2002, 2003, and 2004 federal tax liabilities and penalties was suspended (a) for 741 days, during the period between November 3, 2008, when the IRS received a timely request for a collection due process ("CDP") hearing and November 14, 2010, when the CDP hearing was resolved (as provided in 26 U.S.C. § 6330(e)), and (b) for 2,280 days, during the period between May 9, 2012 and February 6, 2018, while collection was prohibited by automatic stay in the bankruptcy case described below and for six months after the discharge was granted (as provided in 26 U.S.C. § 6503(h)). Complaint ¶ 6; Kovscek Declaration ¶¶ 19-20. The bankruptcy also suspended the period of limitations for commencing a suit for the frivolous filing penalty assessment for the 2009 year (as provided in 26 U.S.C. § 6503(b) and (h)). *Id.*

The allegations in the Complaint, which are deemed admitted, establish that Defendant John M. McLeod is liable for the assessed income tax liabilities alleged, that the events that tolled the limitations period occurred, and that the United States is entitled to a judgment in that amount, plus interest and statutory accruals to the date of judgment.

**B.     John M. McLeod's 2002-2004 Federal Income Tax Liabilities are Excepted from His Bankruptcy Discharge Pursuant to 11 U.S.C. § 523(a)(1)(C)**

On May 9, 2012, John M. McLeod filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 12-51695 in the United States Bankruptcy Court for the Eastern District of Michigan. John M. McLeod received a Chapter 13 discharge on February 6, 2018.

The complaint's factual allegations that are deemed admitted establish that the federal income tax liabilities of John M. McLeod are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C) because John M. McLeod willfully attempted to evade or defeat the liabilities in several ways, including:

1. Filing frivolous income tax returns claiming he did not owe any income tax for the income tax years at issue (2002, 2003, and 2004) that resulted in assessment of frivolous return penalties that either were collected by levy or for which the period of limitations on collection has expired, and filing another frivolous return for the 2009 year; Complaint ₱ 9;

2. Consistently failing to pay adequate prepayments of tax for the three income tax years in question, despite having reported significant Adjusted Gross Income (AGI) for those tax periods for which tax withholdings were insufficient to cover the tax; Complaint ₱ 9;

3. Making no voluntary payments on his significant accumulated tax debts between the assessments of the tax and his bankruptcy; Complaint ¶ 9; and

4. Resuming his failure to file income tax returns for or pay tax after the conclusion of his Chapter 13 bankruptcy plan in 2018 – *i.e.*, for tax years 2019 through 2022 and filing a frivolous return for 2019. Complaint ¶ 9.

John M. McLeod's returns, AGI, tax reported as owed, taxes assessed, and payments made prior to his bankruptcy petition, during his bankruptcy, and the year during which he was granted his bankruptcy discharge (2018) are shown below (all figures rounded to nearest dollar).

| Tax Year | Timing of Return | AGI | Tax Reported | Additional Tax Assessed | Payments Made |
|---|---|---|---|---|---|
| 2002 | Late 5/1/2004 | $124,326 | $0 (frivolous) | $31,703 | No withholding. Only other payments via overpayment offset from other year and levies by the IRS. |
| 2003 | Timely | $103,267 | $0 (frivolous) | $21,260 | $363 in withholding, which was refunded after frivolous tax return filed. Only other payments via overpayment offset from other year and levies by the IRS. |
| 2004 | Timely | $109,975 | $0 | $23,371 | $6,074 in |

| Tax Year | Timing of Return | AGI | Tax Reported | Additional Tax Assessed | Payments Made |
|---|---|---|---|---|---|
| | | | (frivolous) | | withholding. Only payments via levies by the IRS and through bankruptcy. |
| 2005 | Late 11/26/2012 (during bankruptcy) | $0 | $0 | $0 | |
| 2006 | Late 11/19/2012 (during bankruptcy) | $106,681 | $21,665 | N/A | Sufficient withholding. |
| 2007 | Timely | $102,557 | $19,815 | N/A | Sufficient withholding. |
| 2008 | Timely | $89,967 | $16,079 | N/A | Sufficient withholding |
| 2009 | Timely | $95,793 | $0 (frivolous) | $16,897 | Withholding and two levies by the IRS. |
| 2010 | Timely | $108,170 | $20,358 | N/A | Sufficient withholding. |
| 2011 | Timely | $113,041 | $21,568 | N/A | Sufficient withholding. |
| 2012 | Timely | $110,237 | $20,530 | N/A | Sufficient withholding. |
| 2013 | Timely | $109,598 | $20,082 | N/A | Sufficient withholding. |
| 2014 | Timely | $111,003 | $20,315 | N/A | Withholding and payment with return. |
| 2015 | Timely | $117,261 | $21,900 | N/A | Sufficient withholding and payment with return. |
| 2016 | Timely | $119,220 | $22,386 | N/A | Withholding and payment with |

| Tax Year | Timing of Return | AGI | Tax Reported | Additional Tax Assessed | Payments Made |
|---|---|---|---|---|---|
| | | | | | return. |
| 2017 | Timely | $112,723 | $21,198 | N/A | Withholding and one voluntary payment. |
| 2018 | Timely | $109,738 | $10,167 | N/A | Withholding and payment with return. |

Complaint ¶ 10.

The United States contends that McLeod's conduct after completing his bankruptcy plan in 2018 is relevant as it re-confirms his stance toward taxes in 2002, 2003, and 2004. For tax year 2019, John M. McLeod received $34,192 in Social Security income and withdrew $116,602 in additional taxable income from retirement funds, for which $8,440 was withheld for federal income taxes. Complaint ¶ 11. For tax year 2020, John M. McLeod received $34,783 in Social Security income and $38,909 in additional taxable income from retirement funds while not having anything withheld for federal income taxes. Complaint ¶ 11. For tax year 2021, John M. McLeod received $38,006 in Social Security income less $2,780 in repayments and $38,909 in additional taxable income from retirement funds while not having anything withheld for federal income taxes. Complaint ¶ 11. For tax year 2022, John M. McLeod received $40,248 in Social Security income and $38,909 in additional taxable income from retirement funds while not having anything withheld for federal income taxes. Complaint ¶ 11. He has not

filed returns for 2019, 2020, 2021, or 2022, except for the frivolous return for 2019 that resulted in the frivolous filing penalty for that year (which is not treated as a valid tax return). Complaint ¶ 11.

The exception to discharge for certain taxes is "self-effectuating" or "self-executing" and does not require a creditor's complaint in the bankruptcy case under 11 U.S.C. § 523(c) as would be the case for discharge exceptions under § 523(a)(2), (4), or (6). *E.g.*, *In re Everly*, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006) ("self-effectuating"); *United States v. Yurek*, No. 15-394, 2017 WL 2834544, at *7 (D. Colo. June 30, 2017) ("self-effectuating"); *In re Wilson*, 542 B.R. 729, 736 n.8 (Bankr. E.D. Pa. 2015) ("self-effectuating"); *In re Villareal*, 563 B.R. 264, 270 (Bankr. S.D. Ohio. 2016) ("self-executing"); *In re Patacsil*, No. 20-23457-A-7, 2023 WL 3082476, at *4 (E.D. Cal., April 25, 2023) ("self-executing"); *In re Matney*, No. CO-08-058, 2009 WL 613139, at *8 n.8 (B.A.P. 10th Cir. 2009), *aff'd*, 365 F. App'x 126 (10th Cir. 2010) (Rasure, J. concurring) ("self-executing"). Bankruptcy courts have "not exclusive" jurisdiction over dischargeability determinations. 28 U.S.C. § 1334(b). As such, the determination is quite often made in the court with jurisdiction to determine the debt irrespective of bankruptcy. *See United States v. Mikhov*, 645 B.R. 609 (S.D. Ind. 2022) (rejecting contention that government complaint for judgment for taxes alleged in complaint to be excepted from discharge under 11 U.S.C. § 523(a)(1)(C) should be referred

to the bankruptcy court, explaining that the tax suit arises under title 26 wherein discharge is a defense rather than a cause of action).

Finally, the frivolous filing penalties are nondischargeable pursuant to 11 U.S.C. § 523(a)(7)(B). The 2009 return was due in 2010 and the frivolous submission was after the due date as shown by the assessment (in 2012) on the 2009 Civil Penalty transcript. Kovscek Declaration Exhibit D. The 2019 frivolous submission occurred long after the bankruptcy petition and after the discharge in 2018. As noted above, it also shows McLeod has resumed his former practice of willfully avoiding tax, having complied with the tax laws during his bankruptcy case.

### III. CONCLUSION

The United States requests that this Court enter judgment against Defendant John M. McLeod for unpaid federal income taxes and civil penalties assessed against him, as set forth in the complaint, less the tax-related penalties for 2002-2004 that the United States forgoes seeking as a personal liability by default judgment, along with statutory interest and additions, and that these liabilities are excepted from his bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(1)(C). The judgment amount, as of June 1, 2024, is $52,846.65.

                Respectfully submitted,

                */s/ Kimberly R. Parke*
                KIMBERLY R. PARKE
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 55
                Washington, D.C.  20044-0055
                202-353-0300 (v) / 202-514-5238 (f)
                Kimberly.Parke@usdoj.gov

Local Counsel:
DAWN N. ISON
United States Attorney
Eastern District of Michigan

KEVIN ERSKINE (P69120)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9610
Kevin.Erskine@usdoj.gov