UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                 Civil Action No. 23-13093

v.                                             Brandy R. McMillion
                                            United States District Judge

JOHN M. McLEOD,                   David R. Grand
                                            United States Magistrate Judge

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 24)**

Before the Court is a Motion for Default Judgment filed by plaintiff United States of America ("Plaintiff") against defendant John M. McLeod ("McLeod").[1] (ECF No. 24). As detailed below, while McLeod has filed numerous papers in response to Plaintiff's motion, none of them raise substantive issues.[2]

**I.    REPORT**

    **A.    Background**[3]

On December 5, 2023, Plaintiff commenced this action, seeking to reduce to

---

[1] This case has been referred to the undersigned for all pretrial purposes. (ECF No. 19).

[2] Having reviewed the relevant briefing and pleadings, the Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f)(2).

[3] Since McLeod has been defaulted in this action, Plaintiff's alleged facts in the complaint are taken as true for purposes of this motion. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)).

judgment unpaid federal tax liabilities owed by McLeod for tax years 2002, 2003, and 2004, and to establish that said liabilities are excepted from his bankruptcy discharge pursuant to 11 U.S.C. §§ 523(a)(1)(C).[4] (ECF No. 1). The complaint also sought judgment for frivolous filing penalties under 26 U.S.C. § 6702(a) for tax years 2009 and 2019. (*Id.*).

On January 22, 2024, Plaintiff mailed a Notice of Lawsuit and Request to Waive Service of a Summons, a copy of the complaint, and two copies of a Waiver of the Service of Summons to McLeod at 1900 Loomis Road, Jackson, Michigan 49201. (ECF No. 6, PageID.63). Instead of completing the waiver, McLeod wrote on the documents sent to him by Plaintiff and filed them with the Court on January 31, 2024. (ECF No. 3). As a result, between February 8, 2024, and February 20, 2024, Plaintiff sent process servers to attempt service on McLeod on five separate occasions. (ECF No. 6, PageID.64-65).

On February 26, 2024, Plaintiff moved for alternative service on McLeod via both first-class mail and certified mail with no return receipt required. (ECF No. 6). On March 11, 2024, the Honorable Sean F. Cox granted Plaintiff's motion for alternative service. (ECF No. 10). On March 19, 2024, Plaintiff filed the Declaration of Kimberly Parke, its attorney, demonstrating that it had complied with the Court's order granting Plaintiff's motion for alternative service. (ECF No. 12).[5] On April 2, 2024, Plaintiff filed a Request

---

[4] The complaint further sought judgment that penalties related to the 2002-2004 taxes are also excepted from McLeod's bankruptcy discharge under 11 U.S.C. § 523(a)(7). (ECF No. 1). In its motion for default judgment, however, Plaintiff has agreed to "waive a personal liability judgment for [these] penalties if (and only if) default judgment is entered." (ECF No. 24, PageID.132). Plaintiff has explicitly reserved its right to seek personal judgment for these penalties if McLeod's default is vacated for any reason. (*Id.* at n. 1).

[5] Between March 19, 2024, and March 29, 2024, McLeod mailed four documents back to the Court – copies of the order granting alternative service, Ms. Parke's Declaration, the complaint, and the

2

for Clerk's Entry of Default against McLeod. (ECF No. 17). On April 3, 2024, this default was entered. (ECF No. 18).

On June 17, 2024, Plaintiff filed the instant motion for entry of default judgment against McLeod. (ECF No. 24). On June 18, 2024, the Court issued an Order Requiring Response, making clear that McLeod's response to Plaintiff's motion was due on or before July 12, 2024. (ECF No. 25). On July 10, 2024, the Court initiated a telephonic status conference in this matter; however, McLeod failed to appear. (ECF No. 22; *see also* 7/10/2024 Minute Entry). Instead, McLeod returned marked up versions of both the Notice of Telephonic Conference and Order Requiring Response to the Court on June 25 and 27, 2024, respectively. (ECF Nos. 26, 27). Subsequently, he filed a series of frivolous documents that have no bearing on Plaintiff's motion. First, McLeod filed a meaningless document titled "Subrogation Agreement," in which McLeod purports to be his own "estate" and a "Senior Creditor" who is his own "sovereign" and not subject to the laws of the United States. (ECF No. 28, PageID.198-207). The filing attaches a few documents that are essentially unintelligible and of no moment, such as (1) a "UCC Financing Statement Addendum" stating, "THIS NOTE IS LEGAL TENDER FOR ALL DEBTS, PUBLIC AND PRIVATE" in the amount of "14,300,000,000,000,000"; (2) an article titled "North American Water & Power Alliance"; and (3) a Form 56-F Notice Concerning

---

summons – all of which had the following (or virtually identical) language written across the first page: "Notice: Not Negotiable. The presentment above/below is dishonored. I, McLeod, John Michael has reserved all of his common law rights under the Uniform Commercial Code at U.C.C. 1-308 without prejudice. Not Negotiable Beneficiary by: McLeod, John Michael[.]" (ECF Nos. 13, 14, 15, 16). McLeod also crossed out the rest of the pages attached to some of the documents and overwrote those pages with the word "Void." (ECF Nos. 13, 15).

3

Fiduciary Relationship of Financial Institution form in which McLeod purports to be a "fiduciary" over himself. (*Id.*, PageID.209-12). Next, he filed a copy of a letter and attachments he apparently sent to Plaintiff, purporting to satisfy the $132,814.38 "amount due" statement he had received. (ECF No. 29). The problem is that the salient attachment that could at least potentially establish that McLeod satisfied the amount he owes to Plaintiff was a "Certified Funds" "negotiable instrument" document "payable to" the U.S. Department of Justice in the amount of $132,814.38 that is not actually drawn on a bank account. (*Id.*, PageID.219).[6] McLeod then submitted another set of equally meaningless documents. (ECF No. 30).

### B. Legal Standards

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered, the party seeking relief from the defaulting party may apply for a default judgment. *See* Fed. R. Civ. P. 55(b). An application for a default judgment may be made to the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation …." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Although Rule 55(b)(2) does not provide a standard to determine when a party is

---

[6] While the frivolousness of McLeod's purported "negotiable instrument" is generally apparent on the document's face, the United States filed a Notice attesting that the routing number listed on the document is "non-existent." (ECF No. 31, PageID.261).

entitled to a judgment by default, case law indicates that the Court must exercise "sound discretion" when determining whether to enter a judgment. *State Farm Bank, F.S.B. v. Sloan*, No. 11-10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2685 (3d ed. 1998). As set forth above, once a default is entered, well-pleaded allegations in the plaintiff's complaint, except those pertaining to the amount of damages, are taken as true. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006); *Trice v. Lake & Country Real Estate*, No. 86-1205, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.")). "Nevertheless, the Court still has an obligation to assess whether the factual allegations are legally sufficient to state the alleged cause of action." *Aljahmi v. Ability Recovery Servs.*, No. 17-13772, 2020 WL 4108967, at *2 (E.D. Mich. Apr. 13, 2020) (citing *In re Industrial Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("While a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action …. [I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.")).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of

damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (internal quotations omitted). District courts have the discretion to determine whether a hearing is necessary to determine the amount of damages under Rule 55(b)(2). *See id.* Under Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

**C. Analysis**

*1. Jurisdiction*

Before entering a default judgment, the Court must determine whether it has jurisdiction over the case and the parties. *See Ford Motor Co.*, 441 F. Supp. 2d at 845. Here, the Court finds that it has subject matter jurisdiction; Plaintiff has brought suit against McLeod pursuant to 26 U.S.C. § 7402(a), which vests district courts with jurisdiction to render "such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Moreover, the Court has personal jurisdiction over McLeod, as he resides in Jackson, Michigan, which is located within the jurisdiction of this court. *See* 28 U.S.C. § 102(a)(1).[7]

*2. Liability*

As set forth above, Plaintiff obtained a Clerk's Entry of Default on April 3, 2024.

---

[7] "Due process [also] requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Here, the Declaration submitted by Ms. Parke on March 19, 2024, indicates that Plaintiff served McLeod in accordance with this Court's Order Granting Motion for Alternative Service. (ECF Nos. 10, 12). Moreover, the fact that McLeod returned marked up copies of the summons and complaint (ECF Nos. 15, 16) provides further evidence that service was accomplished on McLeod in accordance with the Court's Order.

6

(ECF No. 18). Accordingly, McLeod has "failed to plead or otherwise defend" this action under Rule 55(a), and the material, well-pleaded allegations in the complaint are therefore deemed admitted. *See Ford Motor Co.*, 441 F. Supp. 2d at 846.

Accepting as true the facts set forth in the complaint, a delegate of the Secretary of the Treasury made assessments against McLeod for income taxes and accuracy penalties for the tax years 2002, 2003, and 2004, and for frivolous filing penalties under 26 U.S.C. § 6702(a) for tax years 2009 and 2019.[8] (ECF No. 1, PageID.2; *see also* ECF No. 24-1, PageID.146-47). According to Plaintiff's assertions, and supported by the Declaration of IRS Revenue Officer Steven Kovscek, a delegate of the Secretary of Treasury gave notice to and made demand for payment of the assessments from McLeod, and McLeod is liable to Plaintiff "for the unpaid balance of his federal income tax liabilities in the total amount of $181,573.60, plus interest and other statutory additions from June 1, 2024."[9] (ECF No. 24, PageID.136; *see also* ECF No. 24-1).

However, of that sum, Kovscek declares that the tax-related penalties for tax years 2002 to 2004 together account for $128,726.95. (ECF No. 24-1, PageID.148-49). And, as noted above, Plaintiff is only seeking a default judgment against McLeod personally for the taxes and interest for years 2002-2004 (while reserving its right to collect penalties from property subject to pre-bankruptcy tax liens or fraudulently transferred, or personally

---

[8] A government tax assessment is generally entitled to a presumption of correctness. *See United States v. Janis*, 428 U.S. 433, 440 (1976).

[9] In his declaration, Mr. Kovscek authenticated the IRS's account transcripts detailing McLeod's outstanding federal tax liabilities and penalties. (ECF No. 24-1).

7

if the default against McLeod is vacated for any reason). (ECF No. 24, PageID.132, 136). Thus, when backing out the tax-related penalties set forth above, entry of a default judgment against McLeod in the amount of $52,846.65 (as of June 1, 2024) is appropriate.[10] (*Id.*, PageID.143). It is also appropriate that when said default judgment is entered, it include statutory additions and interest accruing from and after June 1, 2024.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment **(ECF No. 24)** be **GRANTED**. **IT IS FURTHER RECOMMENDED** that default judgment be granted in favor of Plaintiff and against McLeod in the amount of $52,846.65, as of June 1, 2024, plus statutory additions, including interest, which will have accrued from that date through the date upon which judgment is entered.

Dated: November 26, 2024  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*,

---

[10] The complaint's factual allegations – which, again, are deemed admitted – establish that the federal income tax liabilities of McLeod are excepted from bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(1)(C) because McLeod willfully attempted to evade or defeat the liabilities in several ways. (ECF No. 1, PageID.4-5).

474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2024.

                                                         s/Eddrey O. Butts
                                                         EDDREY O. BUTTS
                                                         Case Manager