UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN M McLEOD,

    Defendants.

_____/

Case No. 2:23-cv-13093
Hon. Brandy R. McMillion

### ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 32), OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 33), GRANTING PLAINTFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 24)

Plaintiff United States of America filed this action against Defendant John M. McLeod ("McLeod") seeking a judgment for McLeod's unpaid tax debt for years 2002 – 2004; a determination that these tax debts were exempt from McLeod's bankruptcy proceedings; and a judgment for frivolous filing penalties under 26 U.S.C. § 6702(a) for tax years 2009 and 2019. *See generally* ECF No. 1. While McLeod filed many papers in response, none of them constituted an answer to the complaint or raised any substantive issues. On June 17, 2024, Plaintiff moved for entry of default judgment. ECF No. 24.

The Court referred this matter to Magistrate Judge David R. Grand for all pretrial matters. ECF No. 19. On November 26, 2024, Magistrate Judge Grand

issued a Report and Recommendation ("R&R") suggesting that the Court grant Plaintiff's motion for default judgment. ECF No. 32. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of his recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id*. at PageID.272-273. On December 12, 2024, McLeod filed a "response" to the R&R.[1] ECF No. 33. That same day, Plaintiff filed a response to McCloud's filing noting that to the extent that it was considered an objection to the R&R, the filing was frivolous and raised no substantive issues. ECF No. 34.

Having reviewed the record and considering McCloud's objections *de novo*, the Court concludes that he raises no argument to warrant disagreeing with the Magistrate Judge's recommendation. Accordingly, the Court will **ACCEPT AND ADOPT** the R&R's recommended disposition, **OVERRULE** McLeod's "objection," and **GRANT** Plaintiff's Motion for Default Judgment.

**I.**

Plaintiff moves for entry of a default judgment against McLeod, arguing that he has never filed any substantive response to its Complaint. *See generally* ECF No. 24. Despite many subsequent filings by McLeod, none of them raise substantive issues in response to Plaintiff's claims. *See* ECF No. 26, 27, 28, 29, 30, 33.

---

[1] The Court notes that the filing is not dated, but there is a Proof of Service within the document that notes it was being served on December 7, 2024. *See* ECF No. 33 at PageID.281. The Court will therefore consider the response timely.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires

3

at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Despite titling his filing as a "Response to … Report and Recommendation to Grant Plaintiff's Motion for Default," the Court finds that the response does not contain any substantive objections to the R&R. *See* ECF No. 33. Because a general objection to the entirety of a magistrate judge's recommendation is the same as a failure to object, the Court finds no reason not to adopt the recommended disposition of the R&R. *Howard*, 932 F.2d at 509.

### IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Grand's Report and Recommendation (ECF No. 32). Plaintiff's Motion for Default Judgment as to John M McLeod (ECF No. 24) is **GRANTED**. Defendant's Objections (ECF No. 33) are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: December 16, 2024                       s/Brandy R. McMillion
                                               Brandy R. McMillion
                                               United States District Judge

4